**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEFANY YESENIA LOPEZ-DELGADO,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   21-70857

Agency No. A206-768-549

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

Stefany Yesenia Lopez-Delgado, a citizen and native of El Salvador, petitions

for review of a Board of Immigration Appeals ("BIA") decision dismissing her

appeal from an order of an immigration judge denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1. Substantial evidence supports the BIA's finding that Lopez-Delgado's proposed particular social group ("PSG")—"Salvadoran females who have demonstrated a resistance to gang demands, particularly gang extortion, and have consequently been recognized as gang targets"—lacks particularity and social distinction.

a. To be socially distinct, a PSG must "be perceived as a group by society." *Rios v. Lynch*, 807 F.3d 1123, 1127 (9th Cir. 2015) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 240 (BIA 2014)). Distinction can be shown through "country conditions reports, expert witness testimony, and press accounts." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 244. But Lopez-Delgado provided no such evidence. She contends that the Salvadoran government's efforts to curb gang violence demonstrate that Salvadoran society views Lopez-Delgado's group as socially distinct. But the government's policy merely shows that it considers gang violence to be a problem.

b. A PSG is particular if it "can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Reyes v. Lynch*, 842 F.3d 1125, 1134 (9th Cir. 2016) (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008)). Lopez-Delgado claims that her proposed group can be described with particularity based on its

members' "unrelenting defiance" in the face of gang extortion and violence. But this Court has repeatedly rejected, as insufficiently particular or socially distinct, proposed groups defined by resistance to gang membership. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (rejecting the group "minor Christian males who oppose gang membership" in Honduras); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting a group of "young men in El Salvador resisting gang violence"), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861-62 (9th Cir. 2009) (rejecting a group comprising young Honduran men resisting gang recruitment), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d at 1093.

2.      Substantial evidence also supports the BIA's conclusion that Lopez-Delgado did not establish a clear probability of torture upon return to El Salvador. Lopez-Delgado was not previously tortured. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (evidence of past torture is relevant to determining eligibility for CAT relief). And the country conditions report upon which Lopez-Delgado relies does not compel the finding that Salvadoran officials would acquiesce in torture upon her return. "[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (cleaned up).

**PETITION FOR REVIEW DENIED.**